UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| THOMAS C. CREECH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 2:21CV118-PPS/JEM |
| | ) | |
| NAVIENT, | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION AND ORDER

Thomas Creech, acting without an attorney, has brought this lawsuit against

Navient (more fully known as Navient Solutions, LLC), a student loan servicing

company, alleging that Navient violated the Telephone Consumer Protection Act by

calling Creech on his cell phone using an automated telephone dialer system or

predictive dialer, and by using an artificial or prerecorded voice.  [DE 5 at ¶¶1, 14.]

Creech has filed a motion for summary judgment, and Navient has responded with a

cross-motion seeking summary judgment.

## Summary Judgment Standards

Rule 56 of the Federal Rules of Civil Procedure provides that "[t]he court shall

grant summary judgment if the movant shows that there is no genuine dispute as to any

material fact and the movant is entitled to judgment as a matter of law."  Fed.R.Civ.P.

56(a).  A genuine dispute of material fact exists when "the evidence is such that a

reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty*

*Lobby, Inc.*, 477 U.S. 242, 248 (1986). Thus, not every dispute between the parties makes

summary judgment inappropriate.  "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Id*.  The determination what material facts are undisputed is obviously critical in the summary judgment context, and the rule requires the parties to support facts, and disputes of fact, by "citing to particular parts of materials in the record," or by "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed.R.Civ.P. 56(c)(1).  A motion for summary judgment has been described as the time in a lawsuit to "put up or shut up."  *Grant v. Trustees of Indiana University*, 870 F.3d 562, 568 (7th Cir. 2017).  The cross-motions for summary judgment now present an opportunity to determine which party can put up the evidence required to support its position in their dispute.

### Undisputed Facts for Purposes of Summary Judgment

Creech's motion contains a section entitled "Statement of Facts Not in Dispute." [DE 18 at 7.]  For most of his assertions of fact, Creech fails to cite to supporting evidence as Rule 56(c)(1) requires.  Creech has not submitted a sworn affidavit and his memorandum in support of his motion is not sworn or verified in any way, all of which leaves his assertions of fact entirely unsupported except to the extent that he cites to the few exhibits he has provided.  "But unsworn allegations are not evidence," and conclusory allegations don't count for purposes of establishing or opposing facts in a summary judgment record.  *Reed v. Allied Waste Trasnp., Inc.*, 621 Fed.Appx. 345, 347 (7th

Cir. 2015).  *See also Igasaki v. Ill. Dep't of Financial and Professional Regulation*, 988 F.3d 948,

956 (7th Cir. 2021); *Douglas v. Potter*, 268 Fed.Appx. 468, 471 (7th Cir. 2008) (plaintiff's

unsworn assertions are not admissible evidence).

For example, no evidence is cited for Creech's assertion that "In 2019, NSL began

placing autodialed calls to Mr. Creech's cellular telephone number," and as a result that

fact is not established.  [DE 18 at 7.]  Creech's reliance on exhibits does not fare better.

As Exhibit A, Creech submits an unsigned copy of a letter dated January 4, 2020,

purportedly sent by him to Navient in Wilmington, Delaware.  [DE 18 at 26.]  The letter

invokes the Fair Debt Collections Practices Act and advises Navient to "cease

communications via my cell phone, my wife's cell phone, email (personal & work), work

phone with me in regards to this debt, or any other debts that you allege I owe."  [*Id*.]

Creech's claim that he sent the letter is unsworn and carries no evidentiary weight.  [DE

18 at 7.]

Included with Creech's Exhibit B are copies of certified mail receipts addressed to

Navient's CFO (Christian Lown), and its CEO (John Remondi), bearing a January 4, 2020

postmark. [*Id*. at 28.]  Also in Exhibit B is a photocopy of receipts of the mailing of two

pieces of certified mail from Cedar Lake, Indiana on January 4, 2020.  [*Id*. at 29.]  Even

assuming that these receipts provide evidence of the mailing of Creech's Exhibit A letter,

the record lacks any evidence that (or when) the letter was received, since Creech's

assertion that "Navient received a letter from Mr. Creech on Friday, January 10, 2020 at

13:21 according to USPS.com confirmation receipt" has no evidentiary support.  [DE 18

at 8.] The remainder of Exhibit B is some 40 pages of what appears to be a log of phone calls with Tom Creech's name and a phone number at the top of each page.  [*Id.* at 30-70.] Without more, these do not support Creech's assertion that Navient placed 120 autodialed calls to his cell phone, for a number of reasons.  Several obvious issues include that the log does not identify the calling parties and does not establish that any call was "autodialed."

Creech's statement of facts includes his contention that "NSL understood that it should not place autodialed calls which has resulted from NSL's history of past settled law suits [sic] in the past and their noncompliance with TCPA guidelines."  [DE 18 at 9.] Again, there are no record cites in support of this claim.  But in addition, it is objectionable on several other grounds.  Creech lacks personal knowledge of what Navient "understood" and so cannot permissibly make such an assertion.  There is no history of previously settled lawsuits offered in the evidence before me, but even if there were, it would not be relevant to the issues in this case and would be entirely unlikely to demonstrate Navient's noncompliance with the TCPA in the past, as settlements ordinarily do not involve such admissions.  By this assertion, Creech confuses relevant (and supported) facts with mere opinion.

I say these things not to belittle Creech's summary judgment efforts, but because his inability to comply with the applicable rules of procedure and evidence has serious ramifications for his summary judgment motion, and even more serious ones for his attempt to oppose Navient's.  As the rules make clear, the court cannot rely on assertions

4

of fact that are not supported by admissible evidence.  And in the face of Navient's

challenges to the sufficiency of Creech's evidentiary support, he filed no reply

memorandum, and so did not remedy any of the shortcomings that result in my ruling

today.  Because Creech fails to establish a single undisputed fact to support his motion

for summary judgment, the motion must be denied.  In and of itself, this conclusion

would not impact Creech's case going forward.  But he also faces Navient's cross-motion

for summary judgment, which I will move to next.

In contrast to Creech's motion, each assertion in Navient's Statement of

Undisputed Material Facts [DE 22 at 3-4] is supported by citation to the sworn

Declaration of Joshua Dries, who is Navient's Vice President of Dialer and Process

Automation.  [DE 23 at ¶2.]  As required by Fed.R.Civ.P. 56(c)(4), Dries' Declaration is

"made on personal knowledge, set[s] out facts that would be admissible in evidence, and

show[s] that the affiant or declarant is competent to testify on the matters stated."

Creech's opposition to Navient's motion does not directly address Navient's Statement

of 11 enumerated facts.  [DE 32.] Instead, Creech reiterates some of the facts he asserts in

his own summary judgment motion, again without citation to supportive admissible

evidence.  Although according to Navient, no discovery had occurred as of the date of its

summary judgment filing, Creech does not respond to Navient's motion with a

contention that he is "for specified reasons" unable to "present facts essential to justify

[his] opposition."  Fed.R.Civ.P. 56(d).  On this record, because Navient has properly

supported its assertions of fact and Creech has failed to properly oppose and dispute

them, I consider Navient's statement of facts to be undisputed for purposes of its motion, pursuant to Rule 56(e)(2). Those facts material to my summary judgment analysis are as follows.

In April of 2018, Navient began servicing a student loan made to Creech back in 2007. [DE 23 at ¶6.] In the fall of 2019, Creech's repayment of the loan became delinquent and Navient attempted to contact Creech by phone at his cell number ending in "0164" about bringing the loan current. [DE 23 at ¶7.]

All of Navient's calls to the 0164 number between December 1, 2019 and September 25, 2020 were made using a telephone technology platform based on software developed by Interactive Intelligence, which is now known as Genesys Telecommunications Laboratories, Inc. [DE 23 at ¶8.] None of the calls to Creech's 0164 number were made with an artificial or prerecorded voice. [DE 23 at ¶14.] Navient's business records reflect that none of the calls to the 0164 number were answered by Creech. [DE 23 at ¶15.] Navient stopped placing calls to the 0164 number in November 2020. [DE 23 at ¶8.]

Navient has the Genesys "telephony platform" custom-configured to support its call centers in both placing and receiving telephone calls. [DE 23 at ¶10.] Navient's customized telephony platform is incapable of storing or producing numbers to be called using a random or sequential number generator, and then dialing those numbers. [DE 23 at ¶10.] In other words, the technology does not have the capacity to generate, or to store, either arbitrary or sequential ten-digit telephone numbers. [DE 23 at ¶11.]

6

Navient does not use random telephone number generation for any purpose.

Instead, Navient creates curated customer lists to determine potential contacts, stores

those lists in a separate database, and uses those lists to create "calling campaigns."  [DE

23 at ¶12.]  When it uses a customer list for a calling campaign, the numbers to be called

are not selected randomly or sequentially.  All the numbers on the list are called, in an

order based on business criteria and data points selected by Navient, such as the date

and time of the last contact attempt, the date of account delinquency, the loan balance,

and credit bureau score.  [DE 23 at ¶13.]

In his only direct response to Navient's asserted facts, Creech contends that

Navient's "dialing system device places calls without human intervention."  [DE 32 at 4.]

This claim is supported by reference to "Plaintiff's Statement of Facts,

contemporaneously filed, No. 48 through 53."  [*Id*.]  There is no such filing in this case.

The mystery may be solved by the header appearing at the top of the page, which

suggests that the text was lifted from a filing made in Case Number 0:18-cv-60743-RAR

in the United States District Court for the Southern District of Florida.  [*Id*.]  In any event,

whether or not the matter is material, the attempt to establish a dispute of fact is

unsuccessful for lack of evidence.

## Discussion

In support of his motion, Creech asserts that the Telephone Consumer Protection

Act "prohibits any person from placing autodialed calls, absent prior express consent, to

any cellular telephone number."  [DE 17 at 1.]  Creech relies on an over-simplification of

7

what the statute prohibits.  The pertinent provisions of the TCPA make it unlawful "to

make any call (other than a call made for emergency purposes or made with the prior

express consent of the called party) using any automatic telephone dialing system or an

artificial or prerecorded voice...(iii) to any telephone number assigned to a ...cellular

telephone service...."  47 U.S.C. §227(b)(1)(A).  The term "automatic telephone dialing

system" (ATDS) is defined in the TCPA as equipment with the capacity "(A) to store or

produce telephone numbers to be called, using a random or sequential number

generator; and (B) to dial such numbers."  47 U.S.C. §227(a)(1).

In a recent decision, the United States Supreme Court resolved a circuit split on

the definition of an ATDS.  *Facebook, Inc. v. Duguid*, 141 S.Ct. 1163 (2021).  Interpreting

the syntax of the statutory definition, the Supreme Court held that the clause "using a

random or sequential number generator" modifies both the storage and the production

of telephone numbers.  *Id.* at 1169.  As a result, the court concluded that "[t]o qualify as

an 'automatic telephone dialing system,' a device must have the capacity either to store a

telephone number using a random or sequential generator or to produce a telephone

number using a random or sequential number generator."  *Id.* at 1167.  On the record in

*Duguid*, the court found that "[b]ecause Facebook's notification system neither stores nor

produces numbers 'using a random or sequential number generator,' it is not an

autodialer" prohibited by the TCPA.  *Id.*

The undisputed facts established in this case require the same conclusion, namely

that Navient's telephony system is not an ATDS within the meaning of the TCPA

8

because it lacks the capacity to store or produce randomly or sequentially generated phone numbers.  What's more, Creech has also been unable to successfully contradict Navient's declaration that its calls to Creech did not involve the use of an artificial or prerecorded voice.  Navient accurately observes that Creech "has not and cannot present any evidence to the contrary regarding the telephone calls he received to his cellular telephone number" and the "basic operation of NSL's telephone equipment is dispositive" of Creech's claims under the TCPA.  [DE 22 at 7.]  Creech's attempt to create an issue of his revocation of consent to receive telephone calls from Navient is a non-starter, because Creech is unable to rebut Navient's evidence that its calls to Creech did not violate the TCPA, either its ban on the use of ATDS or on the use of artificial or prerecorded voices.  The TCPA requires consent only if the call uses an ATDS or an artificial or prerecorded voice, neither of which is proved here.  47 U.S.C. §227(b)(1)(A).

### Conclusion

Plaintiff Thomas Creech's motion for summary judgment must be denied because he is unable to establish any undisputed material facts by the required reliance on admissible evidence.  Defendant Navient's summary judgment will be granted because it succeeds in demonstrating that there is no genuine dispute as to any material fact and that it is entitled to judgment as a matter of law.

**ACCORDINGLY:**

Plaintiff Thomas Creech's Motion for Summary Judgment [DE 17] is DENIED.

Defendant Navient's Cross-Motion for Summary Judgment [DE 21] is GRANTED.

The Clerk shall ENTER SUMMARY JUDGMENT in favor of defendant Navient

and against plaintiff Thomas Creech, and thereby CLOSE this case.

**SO ORDERED**.

ENTERED: February 23, 2022.         /s/ Philip P. Simon
                                    **PHILIP P. SIMON, JUDGE**
                                    **UNITED STATES DISTRICT COURT**